### In the Matter of Brent WELKE, Respondent.

### No. 49S00–1505–DI–293.

Supreme Court of Indiana.

Jan. 7, 2016.

## PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent's advertisements on his website and in the Yellow Pages included the following statements concerning debtor bankruptcy: (1) "Screwing Banks Since 1992"; (2) "Keep your property"; (3) "Stop wage garnishments"; (4) "Stop home foreclosure"; and (5) "Stop vehicle repossession."

The parties cite no facts in aggravation. However, the Court finds Respondent's prior disciplinary history as a fact in aggravation. In mitigation, the parties cite Respondent's cooperation with the Commission, his removal of the statements at issue from his advertising, and his remorse and promise not to use such language in the future.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 7.1, which prohibits making a false or misleading communication about the lawyer or the lawyer's services, including a communication that contains a material misrepresentation of fact or law or omits a fact necessary to make the statement considered as a whole not materially misleading.

**Discipline:** The parties propose the appropriate discipline is a suspension of 30 days with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning February 18, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.